Kaghtsrik **SHAHVERDYAN**,
Petitioner,

v.

Alberto R. **GONZALES**, Attorney
General, Respondent.

No. 04–76460.

Agency No. A75–740–958.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Artem M. Sarian, Glendale, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, Karl N. Gellert, Department Of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Kaghtsrik Shahverdyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Guo v. Ashcroft,* 361 F.3d 1194, 1199 (9th Cir.2004), and we grant the petition for review and remand.

The agency based its decision in part upon Shahverdyan's failure to mention in her asylum application a scar resulting from an injury she received while in police custody, yet she was not given the opportunity to explain the omission. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir. 2004) (reversing negative credibility finding because, *inter alia,* petitioner was de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nied a reasonable opportunity to explain a perceived inconsistency). Furthermore, this omission from Shahverdyan's application does not necessarily indicate that she is not credible.

Contrary to the agency's determination, Shahverdyan's testimony was not vague and evasive regarding when her church was built. Rather, the record shows that Shahverdyan repeatedly and directly testified that she could not recall when the church was built. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002) (agency must offer specific and cogent reasons for any stated disbelief).

Additionally, Shahverdyan's fear of being killed in Armenia was based on specific and objective facts in the record, specifically that soldiers held a handgun to her husband's head and threatened to kill him in the presence of Shahverdyan and her children. *See id.*

We remand so that the agency may consider whether, accepting Shahverdyan's testimony as true, she is eligible for asylum, withholding of removal or relief under CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Shahverdyan's request for oral argument is denied.

**PETITION FOR REVIEW GRANTED; REMANDED.**